UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ALISHA R. SILBAUGH,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>THE DEPARTMENT OF VETERANS AFFAIRS, and MARY B. ACCOMANDO, and individual, DORIS GRUNTMEIR, an individual, BRIDGET FEENY, an individual,<br><br>　　　　　Defendants. | CASE NO. C18-5297RJB<br><br>ORDER DENYING APPLICATION TO PROCEED *IN FORMA PAUPERIS* AND DISMISSING CASE AS FRIVOLOUS AND FOR FAILURE TO STATE A CLAIM |

This matter comes before the Court on Plaintiff's application to proceed *in forma pauperis* (Dkt. 1), Plaintiff's Application for Court-Appointed Counsel in Title VII Action (Dkt. 1-2) and on review of the proposed complaint (Dkt. 1-1). The Court has considered the relevant record and the remainder of the file herein.

On April 16, 2018, Plaintiff filed a civil complaint and an application to proceed *in forma pauperis* ("IFP"), that is, without paying the filing fee for a civil case. Dkt. 1.

**Standard for Granting Application for IFP.** The district court may permit indigent litigants to proceed *in forma pauperis* upon completion of a proper affidavit of indigency. *See* 28 U.S.C. § 1915(a). However, the court has broad discretion in denying an application to

ORDER DENYING APPLICATION TO PROCEED
IN FORMA PAUPERIS AND DISMISSING CASE
AS FRIVOLOUS AND FOR FAILURE TO STATE
A CLAIM- 1

proceed *in forma pauperis*. *Weller v. Dickson*, 314 F.2d 598 (9th Cir. 1963), *cert. denied* 375 U.S. 845 (1963).

**Plaintiff's Application to Proceed IFP.** Plaintiff states that over the last 12 months, she has received the following income: $20 from business or self-employment, $2,000 from rent, interest or dividends, $18,626 from disability, unemployment workers compensation or public assistance, $2,050 in gifts or inheritances, $1,000 from child support and $10,094 from "w-2 for 2017 employer income" for a total of $33,790. Dkt. 1, at 1. Plaintiff states that she has $50 cash on hand and $200 in her bank accounts. Dkt. 1, at 2. She has an automobile worth $3,000. *Id*. Plaintiff alleges that she contributes $300 a month toward support of her child, and has $2,000 in living expenses. *Id*. She states she remains "unemployable since January 2017." *Id*. Plaintiff further alleges that "[t]he Disabled American Veterans ("DAV") is [her] limited power of attorney advocating for [her] disability rights, however is unable to represent in this claim of employment disability discrimination. Vocational Rehabilitation programs have spent over a year assessing how [her] disability impairs [her] ability to find full-time meaningful employment." *Id*.

**Review of the Complaint.** The Court has carefully reviewed the complaint in this matter. Because Plaintiff filed this complaint *pro se*, the Court has construed the pleadings liberally and has afforded Plaintiff the benefit of any doubt. *See Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir.1988).

Plaintiff's proposed complaint, entitled "Complaint for Employment Discrimination," names as defendants the Department of Veterans Affairs ("VA"), Mary Accomando, a "contract specialist," and two lawyers, Doris Gruntmeir and Bridget Feeny. Dkt. 1-1, at 2-3. She asserts that the basis for this Court's jurisdiction is the Americans with Disabilities Act, 42 U.S.C. §

ORDER DENYING APPLICATION TO PROCEED
IN FORMA PAUPERIS AND DISMISSING CASE
AS FRIVOLOUS AND FOR FAILURE TO STATE
A CLAIM- 2

12112 to 12117 and the "Federal Tort Claims Act." *Id.*, at 3. Plaintiff alleges that the Defendants discriminated against her based on her mental disability "per VA ongoing diagnosis treatment plans." *Id.*, at 4. The section "statement of claim" provides in full: "[t]he defendants failed to properly serve the final agency decision ("FAD") as remanded by the Equal Employment Commission on January 28, 2018." *Id.*, at 3. Plaintiff maintains that the alleged discriminatory act occurred on February 27, 2018 and thereafter. *Id.*, at 4. Using a check box form, Plaintiff asserts that Defendant "failed to accommodate [her] disability," imposed "unequal terms and conditions of [her] employment," and committed "retaliation." *Id.*, at 3. For the "other" box, Plaintiff states "failure to properly serve the FAD." *Id.* She further adds:

> My VA diagnosed disabilities delayed my report of sexual harassment in the workplace, which resulted in possible acts of discrimination and retaliation. The EEOC letter [she] received that was dated on January 28, 2018, remanded the defendant to take further action. However, the defendant failed to properly serve the FAD with candor.

*Id.,* at 4. As relief, Plaintiff seeks "properly serving the FAD," emotional and punitive damages, and asserts "[t]he monetary value shall be determined upon receipt of the FAD." *Id.,* at 5.

Although Plaintiff asserts that she attached a "Notice of Right to Sue" letter, dated February 2, 2018 (Dkt. 1-1, at 4), the attachment dated February 2, 2018 purports to be a letter from the EEOC to the Department of Veterans Affairs, and is entitled "Copy of EEOC's Compliance Letter to Agency" (Dkt. 1-1, at 6). It provides, in part, "[t]he Commission's decision in appeal number 0120172882 directed your agency to take corrective action related to the complainant's complaint. This letter is to inform you that your compliance with that decision will be monitored under the tracking number cited above. Please submit your compliance report to Natalie Rochelle . . ." Dkt. 1-1, at 6.

Plaintiff also attaches a January 25, 2018 EEOC Decision. Dkt. 1-1, at 7-12. The EEOC decision's "Background" section provides:

> At the time of events giving rise to this complaint, Complainant was a former employee at the Agency.
>
> Believing that the Agency subjected her to unlawful discrimination, Complainant contacted an Agency EEO Counselor to initiate the EEO complaint process. On March 2, 2017, Complainant and the Agency resolved the matter through mediation. Relying on the resolution, Complainant withdrew the matter from the EEO complaint process on the same day.
>
> By letter to the Agency dated June 27, 2017, Complainant alleged that the Agency was in breach of the settlement agreement, and requested that the Agency specifically implement its terms. Specifically, Complainant alleged that that [sic] the Agency Representative failed to develop and conduct an investigation to gather truthful findings regarding her claim of harassment.
>
> In its August 17, 2017 FAD, the Agency concluded that the parties reached resolution and Complainant withdrew her initial EEO contact based on her reliance that the parties had reached agreement. However, there is no indication that a written settlement agreement was ever executed. However, the Agency held that, due to Complainant's detrimental reliance and its actions in compliance with the agreement, it was bound by the settlement agreement.
>
> The Agency then noted that the only provision of the agreement was for a "promise to 'investigate' [Complainant's] sexual harassment claim." Consequently, the Agency found that this promise did not provide Complainant with anything of value in exchange for the withdrawal of her complaint. Therefore, the Agency concluded that the oral settlement agreement was void for lack of consideration and that her EEO complaint . . . should be reinstated at the point processing ceased.

Dkt. 1-1, at 7-8. Plaintiff appealed the VA's decision to the EEOC, stating that "she feared that her complaint would be dismissed." Dkt. 1-1, at 8. The EEOC upheld the VA's decision to reinstate Plaintiff's EEO complaint, and remanded the matter for further agency action. Dkt. 1-1, at 8-9. The EEOC ordered the VA to resume the processing of Plaintiff's complaint within 30 calendar days. Dkt. 1-1, at 9.

***Sua Sponte* Dismissal – Standard on Rule 12 (b).** Pursuant to Fed. R. Civ. P. 12 (b), a case may be dismissed for "(1) lack of subject matter jurisdiction; (2) lack of personal jurisdiction; (3) improper venue; (4) insufficient process; (5) insufficient service of process; (6)

ORDER DENYING APPLICATION TO PROCEED
IN FORMA PAUPERIS AND DISMISSING CASE
AS FRIVOLOUS AND FOR FAILURE TO STATE
A CLAIM- 4

failure to state a claim upon which relief can be granted; and (7) failure to join a party under Rule 19."

Under Fed. R. Civ. P. 12 (b)(1), a complaint must be dismissed if, considering the factual allegations in the light most favorable to the plaintiff, the action: (1) does not arise under the Constitution, laws, or treaties of the United States, or does not fall within one of the other enumerated categories of Article III, Section 2, of the Constitution; (2) is not a case or controversy within the meaning of the Constitution; or (3) is not one described by any jurisdictional statute. *Baker v. Carr*, 369 U.S. 186, 198 (1962); *D.G. Rung Indus., Inc. v. Tinnerman*, 626 F.Supp. 1062, 1063 (W.D. Wash. 1986); *see* 28 U.S.C. §§ 1331 (federal question jurisdiction) and 1346 (United States as a defendant). The United States, as sovereign, is immune from suit unless it consents to be sued. *See United States v. Mitchell*, 445 U.S. 535, 538 (1980); *Cato v. United States*, 70 F.3d 1103, 1107 (9th Cir. 1995). If a claim does not fall squarely within the strict terms of a waiver of sovereign immunity, a district court is without subject matter jurisdiction. *See, e.g.*, *Mundy v. United States*, 983 F.2d 950, 952 (9th Cir. 1993). A federal court is presumed to lack subject matter jurisdiction until plaintiff establishes otherwise. *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375 (1994); *Stock West, Inc. v. Confederated Tribes*, 873 F.2d 1221, 1225 (9th Cir. 1989).

Moreover, a federal court may dismiss a case *sua sponte* pursuant to Fed. R. Civ. P. 12 (b)(6) when it is clear that the plaintiff has not stated a claim upon which relief may be granted. *See Omar v. Sea-Land Serv., Inc.*, 813 F.2d 986, 991 (9th Cir.1987) ("A trial court may dismiss a claim *sua sponte* under Fed. R. Civ. P. 12 (b)(6). Such a dismissal may be made without notice where the claimant cannot possibly win relief."). *See also Mallard v. United States Dist. Court*, 490 U.S. 296, 307-08 (1989) (there is little doubt a federal court would have the power to

dismiss frivolous complaint *sua sponte*, even in absence of an express statutory provision). A complaint is frivolous when it has no arguable basis in law or fact. *Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984).

**Analysis of Plaintiff's Claims**. Section 501 of the Rehabilitation Act, 29 U.S.C. § 701, *et seq.*, provides the exclusive remedy for claims of employment disability discrimination asserted against the federal government. *Boyd v. U.S. Postal Service,* 752 F.2d 410, 412-13 (9th Cir. 1985). The RA provides plaintiffs the "remedies, procedures and rights" outlined in Title VII of the Civil Rights Act. 29 U.S.C. § 794a (a)(1). This includes the Title VII requirement that plaintiffs exhaust their administrative remedies. *Boyd,* at 413. "To preserve [their] right to maintain a suit alleging employment discrimination against an agency of the United States, a claimant must exhaust [their] administrative remedies by filing a claim of discrimination with the allegedly offending agency in accordance with published procedures." *Leorna v. U.S. Dep't of State*, 105 F.3d 548, 550 (9th Cir. 1997).

The EEOC has promulgated regulations governing the acceptance and processing of discrimination complaints in federal employment cases. *See Sager v. McHugh*, 942 F. Supp. 2d 1137, 1142 (W.D. Wash. 2013)(*citing* 29 C.F.R. §§ 1614.104–1614.110 (detailing administrative processing of federal Title VII complaints)). These regulations include the requirements of an informal pre-complaint contact with an EEO counselor, and details on the filing of a formal EEO complaint. *Id.* They further provide the process for appeals of a final agency decision. *Id.* In the Ninth Circuit, "substantial compliance with the exhaustion requirement is a jurisdictional pre-requisite." *Leong v. Potter*, 347 F.3d 1117, 1122 (9th Cir. 2003); *Vinieratos v. United States*, 939 F.2d 762, 772 (9th Cir. 1991) (holding failure "to exhaust those administrative remedies forecloses any claim to jurisdiction under the Rehabilitation Act").

1     To the extent that Plaintiff asserts a claim for disability discrimination, the proposed
2 complaint should be dismissed.  Plaintiff's proposed complaint and her attachments fail to
3 demonstrate that she has exhausted her administrative remedies as to a **disability** discrimination
4 claim.  There is no evidence or allegation that Plaintiff filed an EEO complaint regarding
5 disability discrimination.  There is no evidence or assertion that Plaintiff has "substantially
6 complied" with the exhaustion requirements of an RA claim.

7     To the extent Plaintiff is asserting a claim under the Federal Tort Claims Act or Title VII
8 for sexual harassment, her proposed complaint should be dismissed.  Her EEO complaint, based
9 on alleged sexual harassment, was reopened by the VA a few months ago.  She makes no
10 allegation that the VA has issued a final decision. Indeed, she seeks, as part of her relief, an order
11 compelling the VA to issue a final decision.  She makes no showing that she appealed an adverse
12 decision on the merits of her sexual harassment claim to the EEOC, that the EEOC has made a
13 decision regarding the merits of her harassment claim, or that she has received a "Notice of Right
14 to Sue" letter from the EEOC.  Plaintiff's case is pre-mature and should be dismissed without
15 prejudice.

16     **Leave to Amend.** Unless it is absolutely clear that no amendment can cure the defect, a
17 *pro se* litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend
18 prior to dismissal of the action.  *See Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir.1995).
19     In this case, any attempt by Plaintiff to amend the complaint would be futile.  Plaintiff
20 should not be afforded leave to amend her complaint.

21     **Decision on Application to Proceed IFP and Application for Court-Appointed**
22 **Counsel**.  A district court may deny leave to proceed *in forma pauperis* at the outset if it appears
23 from the face of the proposed complaint that the action is frivolous or without merit. *Minetti v.*

24

ORDER DENYING APPLICATION TO PROCEED
IN FORMA PAUPERIS AND DISMISSING CASE
AS FRIVOLOUS AND FOR FAILURE TO STATE
A CLAIM- 7

*Port of Seattle*, 152 F.3d 1113 (9th Cir. 1998), quoting *Tripati v. First Nat'l Bank & Trust*, 821 F. 2d 1368, 1370 (9th Cir. 1987).

Based upon the above analysis of the deficiencies in the proposed complaint, the Court should deny, without prejudice, Plaintiff's application to proceed *in forma pauperis* (Dkt. 1) and Plaintiff's Application for Court-Appointed Counsel in Title VII Action (Dkt. 1-2).

**IFP on Appeal.** In the event that Plaintiff appeals this order, and/or appeals dismissal of this case, IFP status should be denied by this Court, without prejudice to Plaintiff to file with the Ninth Circuit U.S. Court of Appeals an application to proceed *in forma pauperis*.

Accordingly, it is hereby **ORDERED** that:

- Plaintiff's application to proceed *in forma pauperis* (Dkt. 1) is **DENIED WITHOUT PREJUDICE;**

- Plaintiff's Application for Court-Appointed Counsel in Title VII Action (Dkt. 1-2) is **DENIED WITHOUT PREJUDICE**;

- This case is **DISMISSED WITHOUT PREJUDICE**.

- In the event that Plaintiff files an appeal in this case, IFP status is **DENIED** by this Court, without prejudice to Plaintiff to file with the Ninth Circuit U.S. Court of Appeals an application to proceed *in forma pauperis*.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 24th day of April, 2017.

ROBERT J. BRYAN
United States District Judge

ORDER DENYING APPLICATION TO PROCEED
IN FORMA PAUPERIS AND DISMISSING CASE
AS FRIVOLOUS AND FOR FAILURE TO STATE
A CLAIM- 8